## Butch v. Berks County Board of Assessment Appeals

*Alfred K. Hettinger,* for appellant.
*Edwin L. Stock,* for appellee.

LASH, *J.,* August 30, 2006—The appellant, Anthony F. Butch, has appealed from the decision of the Board of Assessment Appeals of Berks County assessing real estate owned by taxpayer in the amount of $377,700. Butch claims that the action taken by the board increasing the assessment on the property constitutes a spot assessment. Butch also argues that the board's action was impermissible on the basis of collateral estoppel. Finally, Butch disputes the valuation. On June 12, 2006, this court bifurcated the legal issues from the valuation issue and scheduled trial on the legal issues, held on August 28, 2006.

The court enters the following findings of fact:

## I. FINDINGS OF FACT

(1) Appellant, Anthony F. Butch, is an adult individual who resides at 555 Locust Street, Mertztown, Longswamp Township, Berks County, Pennsylvania 19539.

(2) The Berks County Board of Assessment Appeals is located at the Berks County Services Center, Third Floor, 633 Court Street, Reading, Berks County, Pennsylvania 19601.

(3) Intervenor, Brandywine Heights Area School District, is a school district with a principal office at 103 Old Topton Road, Mertztown, Longswamp Township, Berks County, Pennsylvania. Brandywine Heights Area School District filed its notice of intervention on May 18, 2006.

(4) Taxpayer is the record owner of a property located at 555 Locust Street, Mertztown, Longswamp Township, Berks County, Pennsylvania (property).

(5) The property is located in the Brandywine Heights School District.

(6) The property is identified by the Berks County Assessment Office by pin number 59-5473-18-20-8377.

(7) Butch purchased the property on August 31, 1995. At that time, the property was unimproved.

(8) In September 1995, Butch began constructing a residence on the property. This construction took almost two years. Eventually on April 13, 1998, Butch began occupying the property.

(9) In constructing the dwelling, Butch obtained all the necessary permits from Longswamp Township, including a building permit.

(10) Although the necessary permits were duly issued by Longswamp Township, neither the board nor the Assessment Office of Berks County were ever notified of

the existence of the permits, nor received a copy of same.

(11) The Assessment Office requires that municipalities forward all building permits to the Assessment Office.

(12) The Assessment Office was unaware of the construction of the residence until sometime in 2005, when Butch placed his home up for sale.

(13) By notices mailed on August 23, 2005, the Assessment Office notified Butch of the imposition of a new assessment for the property, based upon the improvements, at $377,700. The explanation provided in the notice was "added dwelling." Notices were sent for tax years 2002, 2003, 2004 and 2005.

(14) Butch appealed these determinations and the matters were scheduled for a hearing.

(15) The Assessment Office has a policy that in circumstances where an improvement is made to a property and the Assessment Office does not become aware of the improvement and, therefore, does not reassess at the earliest possible time, through no fault of the property owner, the Assessment Office will not impose reassessment retroactively.

(16) Upon review, the Assessment Office determined that the aforesaid policy applied to this case and, therefore, the reassessments for 2002, 2003 and 2004 were voided. Notice to Butch of the voiding of the reassessments for these three years was sent on October 25, 2005. The reassessed value for 2005 remained at $377,700.

(17) On February 27, 2006, a hearing was held before the board. On March 8, 2006, the board issued a final notice to Butch setting forth that the assessment on the property would remain at $377,700, effective January 1, 2005 for county and township and July 1, 2005 for school.

(18) On March 22, 2006, Butch appealed the board's determination to the Court of Common Pleas.

## II. DISCUSSION

Generally speaking, once a valuation has been established for a taxable property, the valuation cannot be changed unless the change is the result of a countywide reassessment. "Spot reassessment," or selective reassessment, is the "reassessment of a property or properties that are not conducted as part of countywide revised reassessment and which creates, sustains or increases disproportionately among the properties' assessed value." 72 P.S. §5342.1, *Radecke v. York County Board of Assessment,* 798 A.2d 265, 267 (Pa. Commw. 2002). However, assessors may change the assessed valuation on real property when improvements are made. 72 P.S. §5347.1.

Butch's contention is that the reassessment on the improvements should have occurred in 1998, when the residence was first completed. When the property was finally reassessed in 2005, the reassessment was untimely, and constituted a spot assessment. Butch cites *Radecke, supra,* for the proposition that "a change in assessment must come when the improvements are made and not at an arbitrary time in the future." *Radecke, supra* at 268.

The *Radecke* holding is distinguishable. In *Radecke,* the improvements in question were made prior to a countywide reassessment conducted in 1996. For whatever reason, the improvements were not considered in the reassessment. Subsequently, after Mr. Radecke purchased the property, a county appraiser inspected the property and discovered the improvements, eventually seeking an increased assessment. The failure of the York County Assessment Office to consider the property in determining valuation at the time of reassessment is not the type of error that can be revisited because it would constitute a spot assessment.

In contrast, in the within matter, there was no countywide reassessment or any other action taken by the Assessment Office from the time the residence was constructed until the action taken in 2005. As such, the improvements were never considered in the valuation of the property. The fact that the County Assessment Office did not act prior to 2005 does not preclude them from doing so now. Apparently, the Assessment Office had no knowledge of the improvements because it had never received a copy of the building permit issued for the construction and was never notified by the township, Butch, nor anyone else.

Neither the General County Assessment Law, nor the law specifically dealing with Counties of the Second Class A and Third Class, impose a statute of limitations on reassessment arising from the construction of improvements to real property. Butch appears to argue to the contrary, citing 72 P.S. §5020-205(b), which states that property "shall not be valued or assessed for pur-

poses of real property taxes until (1) occupied, (2) conveyed to a bona fide purchaser, or (3) 30 months from the first day of the month after which the building permit was issued or, if no building permit or other notification of improvement was required, then from the date construction commenced." However, this provision simply states that new residential construction is not ripe for assessment until the occurrence of one of the enumerated triggering events. It does not address limiting the time a taxing body has to act on reassessment after an improvement has been made.

In the alternative, Butch argues that the action taken by the board in voiding the reassessments for 2002, 2003 and 2004 prohibit the board from reassessing the property for 2005 on the basis of collateral estoppel. In his brief, Butch correctly cites the test for collateral estoppel provided in *Office of Disciplinary Counsel v. Kiesewetter,* 585 Pa. 477, 484, 889 A.2d 47, 50-51 (2005). In *Kiesewetter,* the Pennsylvania Supreme Court states:

"The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 492, 644 A.2d 1186, 1189 (1994).

Collateral estoppel relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication. *Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872, 875 (1996), citing *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)."

Collateral estoppel does not apply because there has been no final adjudication on the merits. The reassessments for 2002, 2003 and 2004 were withdrawn by the Assessment Office in accordance with its policy not to penalize property owners who did nothing to conceal the increased value of the property. The reassessment for these three years were never submitted to the board or to the court for adjudication. Accordingly, no determination was ever made whether the property could have been reassessed for 2002, 2003 or 2004.

This court holds that the property was properly reassessed, that the reassessment did not constitute a spot assessment, and that the doctrine of collateral estoppel was inapplicable. Accordingly, the board's ruling was proper.

We enter the following order:

## ORDER

And now, August 30, 2006, upon consideration of the appeal of Anthony R. Butch for determination that the action of the Berks County Board of Assessment Appeals constituted spot assessment or that the action of the board was improper on the basis of collateral estoppel, and after trial held, this court finds that the reassessment

conducted by the board for January 1, 2005 for county/township and July 1, 2005 for school was proper.

A status conference is scheduled on the issue of valuation for October 10, 2006 at 9:30 a.m.