**DUKE ENERGY FAYETTE II, LLC**

v.

**FAYETTE COUNTY BOARD OF ASSESSMENT APPEALS**

v.

**Fayette County, German Township and Albert Gallatin Area School District.**

**Appeal of: Duke Energy Fayette II, LLC.**

Commonwealth Court of Pennsylvania.

Argued April 14, 2015.

Decided May 28, 2015.

Reargument En Banc Denied July 7, 2015.

---

Francis J. Hoegen, Wilkes–Barre, for appellant.

Anthony Giglio, Pittsburgh, for appellee Albert Gallatin Area School District.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, ANNE E. COVEY, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge ANNE E. COVEY.

Duke Energy Fayette II, LLC (Duke Energy) appeals from the Fayette County Common Pleas Court's (trial court) July 14, 2014 order denying Duke Energy's appeal from the Fayette County Board of Assessment Appeals (Board) on the issue of spot assessment. The issues before the Court as directed by this Court's September 5, 2014 Memorandum and Order are as follows:

> [whether] the trial court err[ed] by determining that it was 'reasonable to reassess' the premises in 2011 after the expiration of the premises' status as a Keystone Opportunity Zone [ (KOZ) ], that the 2011 reassessment did not constitute 'spot assessment,' and that the 2011 reassessment was not barred by any applicable statute of limitations.

*Id.* at 4. After review, we reverse.

Duke Energy is the owner of a land parcel designated as Fayette County Assessment Parcel Number 15–30–0076–02 (Property), located in German Township, Fayette County. Fayette County last completed a countywide reassessment in 2001. In 2001 and 2002, Duke Energy

acquired 400 acres of property, from which a subdivision was completed and a separate tract of 60 acres was created on which Duke Energy proposed to operate a gas-fired electric-generating station. Duke Energy applied for certification and enrollment in the KOZ for those 60 acres and on January 22, 2002, was notified the certification was granted. By virtue of KOZ approval, a real estate tax abatement ran on the 60 acres from 2001 through 2011.[1]

In the fall of 2003, the gas-fired electric-generating station construction was complete and the plant was fully operational. Fayette County was properly notified and made aware of the improvements to the property in 2003. "[B]ecause it was estimated to be anywhere from $25,000.00 to $50,000.00 to have an appraisal of the facility done, [Fayette County decided to] wait until the property became taxable" before conducting its assessment. Trial Court Hearing Ex. 12 at 67.[2] Thus, Fayette County chose to wait until the Property's KOZ status was set to expire before appraising the Property because "the [a]ssessment [o]ffice did not want to expend funds until they could see a return on [its] investment[.]" *Id.* Accordingly, on or about December 15, 2003, Fayette County issued an initial $1,800,000 Property assessment. From December 15, 2003 through January 1, 2011, the Property's assessment remained at $1,800,000.

On July 1, 2011, the Board issued an assessment change notice to Duke Energy, wherein, it advised of the increased assessment on the Property's land portion from $1,800,000 to $27,000,000 and the Property's improvement portion from zero dollars to $8,181,260. The total reassessment, effective 2011 was $35,181,260. On August 3, 2011, Duke Energy filed an assessment appeal with the Board. Following a hearing, the Board issued its decision on October 11, 2011, denying any change to the new assessment. Duke Energy appealed from the Board's decision to the trial court. The trial court bifurcated the issues, addressing only the alleged spot reassessment. On July 14, 2014, the trial court denied Duke Energy's appeal. Duke Energy petitioned this Court for permission to appeal from the trial court's order. On September 5, 2014, this Court granted Duke Energy's petition.[3]

Duke Energy first argues that the trial court erred, abused its discretion and rendered a decision unsupported by the evidence by finding that it was reasonable to reassess the Property in 2011 after the Property's KOZ status expired. Specifically, Duke Energy contends that the expiration of a property's KOZ status is not a triggering event for reassessment, thus the trial court's use of a "reasonableness"

1. The purpose of the Keystone Opportunity Expansion Zone and Keystone Opportunity Improvement Zone Act, Act of Oct. 6, 1998, P.L. 705 No. 92, *as amended*, 73 P.S. §§ 820.101–820.1309, is "to restore prosperity and enable the areas to make significant contributions to the economic and social life of this Commonwealth" by "provid[ing] **temporary** relief from certain taxes within the zones[.]" Section 102(2), (3) of the Keystone Opportunity Act, 73 P.S. § 820.102(2), (3) (emphasis added).

2. Notes of Testimony of Fayette County's retired Chief Assessor.

3. This Court concluded that the trial court's July 14, 2014 order was interlocutory and not appealable as of right, however, the issue is a controlling issue of law amenable to an immediate appeal. *See* September 5, 2014 Memorandum and Order.

"Our standard of review in a tax assessment appeal is whether the trial court rendered a decision unsupported by the evidence, committed an error of law or abused its discretion." *Residents of Buckingham Springs v. Bucks Cnty. Assessment Office*, 60 A.3d 883, 887 n. 3 (Pa.Cmwlth.2013).

standard was contrary to Pennsylvania law. The Board, German Township and Albert Gallatin Area School District (Taxing Bodies) rejoin that the trial court did not create a "reasonableness" standard, but rather explained that the timing of the reassessment was not "arbitrary" as Duke Energy had argued before the trial court.

■ Section 8817 of the Consolidated County Assessment Law (Law), provides that "assessors may change the assessed valuation on real property . . . when improvements are made to real property." 53 Pa.C.S. § 8817.[4] The law is well-settled that "the assessment of improvements **must take place when the improvements are made** and not at some **arbitrary** time in the future, or a board of assessment will be guilty of spot reassessment." *Shenandoah Mobile Co. v. Dauphin Cnty. Bd. of Assessment Appeals*, 869 A.2d 562, 565 (Pa.Cmwlth.2005) (emphasis added).[5] In *Shenandoah*, the improvement at issue was the installation of a cellular tower. In 2000, the assessment office performed a countywide reassessment of all real property. At the time, because cellular towers were not subjects of assessment for real estate tax purposes, the cellular tower was not assessed. However, in 2001, the law was officially interpreted otherwise; thus, the tower was assessed in 2002 and added to the tax rolls. The cellular tower property owners appealed the new assessment claiming, *inter alia*, that it was an impermissible spot reassessment. The trial court affirmed the assessment board and this Court affirmed the trial court, holding that it was **not** an "impermissible spot assessment" because

> *all* cellular towers within the county, which were all previously *unassessed*, were added to the tax rolls and made subjects of local taxation, because the Board made a legal determination that a *new subject of taxation* existed. In addition, the [t]ower was not the subject of a spot reassessment since the assessment at issue was an initial assessment, not a reassessment. . . .

*Id.* at 566. This Court addressed a similar issue in *Atlantic City Electric Co. v. United School District*, 780 A.2d 766 (Pa. Cmwlth.2001),[6] wherein, this Court found

---

4. Fayette County is a fourth class county, thus it was governed by Section 602.1 of the Fourth to Eighth Class County Assessment Law (Assessment Law), 72 P.S. § 5453.602a, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–5453.706, added by the Act of January 18, 1952, P.L. (1951) 2138, repealed by Section 6(1)(ii) of the Act of October 27, 2010, P.L. 895, effective January 1, 2011. The Fourth to Eighth Class County Assessment Law was replaced by the Law, 53 Pa.C.S. §§ 8801–8868, also effective on January 1, 2011. Section 602.1 of the Assessment Law provided:

   The board may change the assessed valuation on real property when (i) a parcel of land is divided and conveyed away in smaller parcels, or (ii) when the economy of the county or any portion thereof has depreciated or appreciated to such extent that real estate values generally in that area are affected, and (iii) **when improvements are made to real property** or existing improvements are removed from real property or are destroyed.

   72 P.S. § 5453.602a (emphasis added).

5. Dauphin County was governed by what is commonly referred to as the Second Class A and Third Class County Assessment Law (Second and Third Class County Assessment Law), Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §§ 5342–5350k, repealed by Section 6 of the Act of October 27, 2010, P.L. 895, and replaced by the Law, 53 Pa.C.S. §§ 8801–8868, effective January 1, 2011. Section 6.1 of the Second and Third Class County Assessment Law expressly provided that "assessors may change the assessed valuation on real property . . . **when improvements are made to real property** . . . ." 72 P.S. § 5347.1 (emphasis added).

6. *Atlantic City Electric* involved a sixth class county; thus, the Fourth to Eighth Class County Assessment Law applied.

that because the assessment was conducted after a tax exemption was statutorily abolished it was an addition of property to the tax rolls, not a spot assessment.

In the instant case, the trial court concluded that the Property was previously exempted from taxation. However, earlier in its opinion the trial court opined:

> Based on the granting of KOZ status for this property, Duke Energy was given real estate **tax abatement** from 2001 through 2011. Duke Energy argues that the **KOZ status only provided temporary abatement from the payment of taxes,** and did not exempt the property from the calculation or imposition of an assessed value by the tax office. With this proposition, **we agree.**

Trial Ct. Op. at 5 (emphasis added).

While technically a tax abatement and a tax exemption both relieve the taxpayer from paying taxes, a tax abatement applies to a taxable property while an exemption does not.[7] Although the trial court is correct that choosing the date the abatement ends may be "reasonable," as opposed to "arbitrary," it simply is not the law. The clear language of the statute states that the property is to be assessed "when improvements are made." 53 Pa.C.S. § 8817. The Property was taxable at the time of the improvements and, thus, should have been assessed at that time. Based upon the undisputed fact that the Property was initially assessed in December 2003, after the improvements were completed, the improvements should have been included in that assessment. Accordingly, the trial court improperly used a "reasonableness" standard in upholding the Board's reassessment.

This Court emphasizes that "[the Pennsylvania Supreme] Court has consistently recognized that municipalities are creatures of the General Assembly and treated the latter's dictates as preeminent." *Robinson Twp., Washington Cnty. v. Commonwealth,* 623 Pa. 564, 83 A.3d 901, 1011 (2013) (Saylor, J., dissenting).

> Municipalities are not sovereigns. Their powers are limited. It has been said that: 'Nothing is better settled than that a municipal corporation does not possess and cannot exercise any other than the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied.'

*Kline v. City of Harrisburg,* 362 Pa. 438, 68 A.2d 182, 184–85 (1949). The Supreme Court has specifically held concerning tax assessment boards:

> [A b]oard's failure to comply with the mandated duties under the statute or to make an assessment of taxpayers' properties on or before the ... deadline should not be visited upon the taxpayer. To hold otherwise would constitute a denial of due process and fair procedure, both of which must be accorded by quasi-judicial tribunals as well as the [C]ourt[.]

*Taylor Borough Appeal,* 408 Pa. 56, 182 A.2d 754, 758 (1962).

Here, although an outside appraiser would have been necessary and costly, the

---

**7.** Even if the property was considered exempt during its KOZ status, Section 8841(b)(5) of the Law, 53 Pa.C.S. § 8841(b)(5), requires that the assessment of exempt property be included in the tax rolls. Thus, the County had a duty to assess the property regardless of its alleged exempt status.

costs of the appraisal at the proper time is not a factor which the Board had the luxury of weighing. Thus, the Board was obligated by statute to conduct the assessment at the time of the improvements and not thereafter. Accordingly, this Court cannot affirm the trial court's decision on that basis.

■ Duke Energy next argues that the trial court erred, abused its discretion and rendered a decision unsupported by the evidence by finding that the 2011 reassessment did not constitute a spot reassessment. Specifically, Duke Energy contends that the Property was initially assessed at $1,800,000 in 2003, and although the Board was aware of the improvements in 2003, the property was not reassessed until the Property's KOZ status expired in 2011. The Taxing Bodies respond that because assessors may change assessed valuations of property when improvements are made, the reassessment was not a spot reassessment.

Section 8802 of the Law, defines "[s]pot reassessment[ ]" as "[t]he reassessment of a property or properties by a county assessment office that is not conducted as part of a countywide revision of assessment and which creates, sustains or increases disproportionality among properties' assessed values. The term does not include board action ruling on an appeal." 53 Pa.C.S. § 8802. Section 8817 of the Law provides:

(a) **General rule.**—In addition to other authorization provided in this chapter, the assessors may change the assessed valuation on real property when a parcel of land is subdivided into smaller parcels or **when improvements are made to real property** or existing improvements are removed from real property or are destroyed. The recording of a subdivi-

sion plan shall not constitute grounds for assessment increases until lots are sold or improvements are installed. The painting of a building or the normal regular repairs to a building aggregating $2,500 or less in value annually shall not be deemed cause for a change in valuation.

(b) **Construction.**—A change in the assessed valuation on real property authorized by this section shall not be construed as a spot reassessment under [S]ection 8843 [of the Law] (relating to spot reassessment).

53 Pa.C.S. § 8817 (emphasis added). Moreover, Section 8843 of the Law specifies that "[t]he county assessment office is prohibited from engaging in the practice of spot reassessment." 53 Pa.C.S. § 8843. In the instant case, there is no dispute that improvements were made to the Property in 2003. Thus, to determine whether the 2011 reassessment was an impermissible spot reassessment we must resolve the next issue.

Duke Energy contends that the trial court erred, abused its discretion and rendered a decision unsupported by the evidence by finding that the 2011 reassessment was not barred by any applicable statute of limitations. The Taxing Bodies maintain that the trial court properly relied on *Butch v. Berks County Board of Assessment Appeals*, 83 Pa. D. & C.4th 517 (2006),[8] to support its ruling. The *Butch* Court held: "Neither the General County Assessment Law, nor the law specifically dealing with Counties of the Second Class A and Third Class, impose a statute of limitations on reassessment arising from the construction of improvements to real property." *Butch*, 83 Pa. D. & C.4th at 522.

---

8. This Court affirmed the trial court in *Butch*. *See* 958 A.2d 1158 (Pa.Cmwlth.2008) (Table).

This Court's affirmance of *Butch* was an unpublished memorandum. *See Butch* (Pa.Cmwlth. No. 2287 C.D.2007, filed August 14, 2008). "[A] published decision of the [Berks] County Court of Common Pleas, is not binding precedent." *Commonwealth v. Phinn,* 761 A.2d 176, 179 (Pa.Super.2000). However, an unpublished memorandum of this Court may be cited "for its persuasive value, but not as a binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures.

Notwithstanding, neither the trial court nor this Court upheld the reassessment in *Butch* based upon an absence of a statute of limitations on reassessments arising out of improvements to real property. Rather, the reassessment was upheld because the assessment office had no knowledge of the improvements at the time they were made because it never received a copy of the building permit issued for the construction and was never notified of the improvements. The *Butch* Court did not overrule this Court's well-settled *stare decisis* that the assessment of improvements **must** take place "when the improvements are made and not at an arbitrary time in the future[,]" or a board of assessment will be guilty of spot reassessment. *In re Young,* 911 A.2d 605, 609 (Pa.Cmwlth. 2006); *Shenandoah,* 869 A.2d at 565; *Radecke v. York Cnty. Bd. of Assessment Appeals,* 798 A.2d 265 (Pa.Cmwlth.2002). The *Butch* Court distinguished the facts of that particular case because the assessment board could not assess an improvement prior to receiving knowledge of said improvement. Thus, *Butch* is inapposite.

In the instant case, it is undisputed that the Board was notified of the Property's improvements when they were made, but chose to ignore them at the time of its initial assessment. Instead, the Board decided to wait until the KOZ tax abatement expired to reassess the Property. While the Board may have found it reasonable to delay, such a delay is contrary to the law. Thus, the Board's later assessment was an impermissible spot reassessment. Accordingly, the trial court erred in determining that it was reasonable to reassess the Property in 2011 after the expiration of the Property's KOZ status, that the 2011 reassessment did not constitute a spot reassessment, and that the 2011 reassessment was not barred by any applicable statute of limitations.[9]

The Taxing Bodies argue in their reply brief that "even if the [Fayette] County had committed a **mistake** by not assessing the improved Property in 2003 when it was completed, the [Law] permitted the immediate assessment in 2011 of the omitted Property."[10] Taxing Bodies Reply Br. at 18 (emphasis added). This Court finds this argument disingenuous and contrary to the record evidence which clearly reveals that the Board **intentionally** delayed the reassessment until after the Property's KOZ status expired. The record contains numerous references to the conscious and deliberate delay of the assessment because Fayette County needed to get an outside appraiser and did not want to expend the funds until it could see a return on its investment. In fact, the trial court found that "[Fayette County] **chose** to wait until the KOZ status was set to expire before conducting an appraisal of the [P]roperty." Trial Ct. Op. at 3, Finding of Fact No. 9

---

9. We do not hold that there is a specific statute of limitations that applies to improvement reassessments.

10. Section 8841(c) of the Law provides for reassessment of properties when improvements to property are "**mistakenly omitted** from the assessment roll...." 53 Pa.C.S. § 8841(c) (emphasis added).

(emphasis added). The trial court also found that "[Fayette County] was properly notified and made aware of the improvements to the [P]roperty in 2003." Trial Ct. Op. at 2, Finding of Fact No. 7. Thus, there was no mistake.

While we sympathize with Fayette County's financial predicament, the law must be followed. All taxpayers, individuals and corporations, are entitled to certainty in the law. The General Assembly has spoken and we are constrained to uphold its mandates. Thus, for all of the above reasons, the trial court's order is reversed and the matter is remanded to the trial court for immediate remand to the Board to reinstate the Property's 2003 tax assessment.

Judge BONNIE BRIGANCE LEADBETTER dissents.

### ORDER

AND NOW, this 28th day of May, 2015, the Fayette County Common Pleas Court's (trial court) July 14, 2014 order is reversed. The matter is remanded to the trial court for immediate remand to the Fayette County Board of Assessment Appeals with the direction to reinstate the 2003 tax assessment of Duke Energy Fayette II, LLC's 60 acres containing the completed gas-fired electric-generating station.

Jurisdiction relinquished.