DISSENTING OPINION BY
SENIOR JUDGE FRIEDMAN
Because the Law requires reassessment upon completion of the improvements and *370 the record is inadequate for this court to determine when improvements to the Property were completed, I respectfully dissent and would vacate the trial court’s order and remand for an additional hearing.
Debra Detweiler testified that she obtained and reviewed a 2010 permit issued to Vernon and Marianne Blankenhorn to enclose a patio on the Property. (N.T., 12/9/15, at 5.) Detweiler agreed that building permits are generally valid for one year. (Id. at 31.) Detweiler testified that she first visited the Property on January 5, 2011, and the homeowners had just started construction on the rear of the home, which they were doing themselves. (Id. at 9, 35.) Detweiler further testified that she determined that construction was completed on April 20, 2015, because there was no lumber stacked outside,[1] no activity outside, and curtains hung in the living area above the garage. (Id. at 11-12.) Detweiler testified that she was not aware that the Property had changed ownership and that construction on the house could have been completed during one of her visits in 2013 or 2014. (Id. at 29-30, 33, 35, 39.) In fact, Detweiler acknowledged that there was no way for her to know when construction was completed. (Id. at 38-39.) She just made the determination that the construction was completed upon her visit in 2015. (Id. at 39.)
Cole Fasnaeht testified, without contradiction, that the previous owners obtained a building permit and constructed a garage and addition to the Property. (Id. at 47.) After purchasing the Property on November 6, 2013, Fasnaeht did not perform any construction on the Property, only making cosmetic repairs and changes to the landscaping. (Id.) Additionally, he testified that before he purchased the Property curtains hung in the living area above the garage. (Id. at 48.) Fasnaeht stated that he was told by bank employees that taxes on the Property would not increase once the Property was titled in his name. (Id. at 52.)
None of the testimony or evidence presented to the trial court answers the question of when improvements to the Property were completed. The majority recognizes this deficiency stating “[i]m-portantly, the trial court made no finding as to when the construction was actually completed.” (Maj. Op. at 369 (emphasis added).) However, the Law requires reassessment upon completion of the improvements and not at some arbitrary point in time. Duke Energy Fayette II, LLC v. Fayette County Board of Assessment Appeals, 116 A.3d 1176, 1179 (Pa. Cmwlth. 2015). Thus, it must be determined when the improvements were completed.
Moreover, although Detweiler introduced two photographs, one taken in August 1995 and the other in September 2015, the photographs do not depict the Property at the time the building permit was issued, during the construction process, or at the time the construction was completed. Specifically, the first picture was taken eight years before the building permit was issued and the most recent picture was taken approximately five months after Detweiler determined that the construction was completed.
Detweiler’s credited testimony i s insufficient for purposes of determining when the construction on the Property was completed. Detweiler changed the assessment when she “believed” that the construction was completed. (Trial Ct. Op. at 6.) However, Detweiler never definitively stated *371 when the construction was completed. She “believed” that construction was complete in 2015 because she did not see workers and saw curtains hanging on the windows. (N.T., 12/9/15, at 11-12.) However, the only-time Detweiler saw workers was during her initial 2010 visit. (Id. at 30, 33.) Additionally, Detweiler testified that “[tjhere very well could have been” curtains on the windows before April 2015; she could not recall. (Id. at 35.) Detweiler’s stated “belief’ is insufficient for purposes of determining when the construction on the Property was completed.
Additionally, because the building permit was issued in 2010, and building permits are generally valid for only one year, I submit that reassessment five years later can constitute an “arbitrary time in the future.” (Maj. Op. at 369.)
For the foregoing reasons, I would vacate the trial court’s order and remand for a supplemental hearing to determine when the improvements to the Property were completed.

. Detweiler testified that she did not know if the lumber she saw on a previous occasion was being used for the interior of the garage or for decking purposes. (N.T., 12/ 9/1 5, at 33.)