889 A.2d 47

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

v.

**William B. KIESEWETTER, Jr., Respondent.**

Supreme Court of Pennsylvania.

Argued Sept. 14, 2005.

Decided Dec. 27, 2005.

480

Samuel Frank Napoli, Pittsburgh, for Office of Disciplinary Counsel, petitioner.

Robert L. Federline, Oakmont, for William B. Kiesewetter, Jr., respondent.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Chief Justice CAPPY.

In this disciplinary matter, we must determine whether Respondent William B. Kiesewetter Jr. should be disbarred from the practice of law in this Commonwealth as a result of a 1994 federal civil jury verdict entered against him for fraud. For the reasons set forth herein, we hold that the Disciplinary Board (hereinafter "Board") properly applied the doctrine of collateral estoppel under the circumstances of this case and agree that disbarment is warranted.

On December 21, 1999, Office of Disciplinary Counsel (hereinafter "ODC") filed a petition for discipline, alleging that Respondent engaged in fraud by misappropriating substantial family assets. The allegations relied upon the civil verdict entered against Respondent in the matter of *Constance K. Elliott, et al. v. William B. Kiesewetter, Jr.,* Civil Action No. 93–0753 in the United States District Court for the Western District of Pennsylvania. The civil litigation stemmed from a dispute between Respondent and his sisters, Patricia J. Kiesewetter and Constance K. Elliott, over the ownership of family assets with a principal value exceeding $2.4 million. The civil trial was bifurcated with liability and punitive damages determined by jury verdict and compensatory damages determined thereafter by the court. On December 5, 1994, the jury returned a verdict against Respondent, finding him liable for breach of fiduciary duty, unjust enrichment, and fraud.

The jury's answers to the specific interrogatories established that Respondent's parents placed the disputed assets into the names of their three children, intending to make an immediate irrevocable gift of those assets to their children. The jury found that Respondent violated his fiduciary duty to his sisters and that he acted fraudulently toward them with respect to the disputed assets. It further found that large amounts of the family's assets were transferred into accounts created pursuant to the Uniform Gifts to Minors Act (hereinafter "UGMA"), 20 Pa.C.S. § 5301 *et seq.*, in the names of Constance K. Elliott's three sons. Finally, the jury found that Respondent was his nephews' fiduciary with respect to the UGMA accounts and that he breached his custodial duty to his nephews thereby unjustly enriching himself. On April 4, 1997, the federal court ruled that Respondent's total liability was $3,626,322, which included $500,000 in punitive damages.

During a pre-hearing conference in this disciplinary matter, ODC raised the issue of collateral estoppel, arguing that Respondent should be precluded from denying the facts as found in the civil fraud trial. Alternatively, it argued that the transcript of the civil trial should be accepted into evidence. Hearing Committee 4.01 ruled that collateral estoppel did not apply, but permitted ODC to introduce the record of the federal civil trial in the disciplinary proceeding. The parties were further permitted to supplement the record if desired. The matter was subsequently reassigned to Hearing Committee 4.03 because Committee 4.01 was unable to determine whether there was *prima facie* evidence of a violation of the Rules of Professional Conduct.

At the disciplinary hearing, ODC introduced into evidence the record of the civil fraud proceeding and presented no live testimony. Respondent presented two character witnesses who testified that he is an honest and sincere person with a good reputation in the community for truth and integrity. Respondent also testified on his own behalf and asserted that his mother voluntarily transferred a portion of assets to him, that he was never in charge of the finances of his sisters and nephews, that he never had a general power of attorney, and

that he never invested their funds. Respondent has not worked for income since February of 1995, when a freeze order was entered against his assets in connection with the civil judgment. As of the date of the disciplinary hearing, Respondent had not paid any portion of the judgment. He has no prior disciplinary history.

In its report and recommendation, Hearing Committee 4.03 ruled that the doctrine of collateral estoppel precluded Respondent from relitigating the issue of whether he had engaged in fraud as determined by the jury in the civil fraud case and as alleged in the petition for discipline. Relying on our application of the doctrine in *Office of Disciplinary Counsel v. Duffield*, 537 Pa. 485, 644 A.2d 1186 (1994), the Committee ruled that the issue of fraud in the civil proceeding was identical to the issue here; that there was a final judgment on the merits in the civil proceeding; and that Respondent was a party to the prior civil case and had a full and fair opportunity to litigate the issue of fraud. Moreover, the Committee determined that the jury determined that Respondent had a fiduciary duty to his sisters and a custodial duty to his nephews and violated those duties by acting fraudulently with respect to the assets. It found that Respondent's testimony to the contrary was not credible. Accordingly, Hearing Committee 4.03 recommended that Respondent be disbarred.

Respondent thereafter filed a brief on exceptions and requested oral argument. Oral argument subsequently was held before a three-member panel of the Board. By order dated July 29, 2004, the Board ruled that the doctrine of collateral estoppel from a civil verdict did *not* apply in a disciplinary proceeding and remanded the matter to Hearing Committee 4.03 for an expedited hearing on the charges. ODC thereafter filed in our Court a petition for review of the Board's order. On November 4, 2004, our Court entered an order vacating the Board's July 29, 2004 order and remanding the matter to the Board for it to apply the doctrine of collateral estoppel as set forth in *Duffield*, to address any outstanding issues in the matter, and to recommend an appropriate sanction.

Upon remand, the Board ruled that collateral estoppel applied to the instant case. It found that Respondent fully litigated the facts of the civil matter upon which the disciplinary action was based, had a full opportunity to examine witnesses and present evidence, and had been found to have engaged in fraud by the same standard of proof applicable to a disciplinary proceeding. The Board further concluded that the misappropriation of $2.4 million constitutes dishonest and egregious misconduct that warrants disbarment. Respondent thereafter filed in our Court a request to present oral argument pursuant to Pa.R.D.E. 208(e)(2), which we granted.

In attorney disciplinary matters, this Court exercises *de novo* review, and we are not bound by the findings and recommendations of the Hearing Committee or the Disciplinary Board. *ODC v. Chung,* 548 Pa. 108, 695 A.2d 405 (1997).

Respondent raises three issues, the first of which challenges the lower tribunals' application of the doctrine of collateral estoppel to preclude him from relitigating the issue of whether he engaged in fraud.

The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *Duffield,* 644 A.2d at 1189. Collateral estoppel relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication. *Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872, 875 (1996), citing *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).

The doctrine of collateral estoppel can be asserted either defensively as a shield to prosecution of an action or

offensively as a sword to facilitate prosecution. Offensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. *Shaffer v. Smith*, 543 Pa. 526, 673 A.2d 872, 874 (1996), *citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979). Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant. *Parklane Hosiery Co.*, 439 U.S. at 326 n. 4, 99 S.Ct. 645. In both the offensive and defensive use situations, the party against whom estoppel is asserted has litigated and lost in an earlier action. *Id.* at 328, 99 S.Ct. 645.

Although we have examined whether collateral estoppel can be asserted defensively in a disciplinary action, *see Duffield, supra; In the Matter of Iulo*, 564 Pa. 205, 766 A.2d 335 (2001),[1] we have not addressed whether collateral estoppel can be applied offensively to establish an attorney's professional misconduct.

Respondent argues that the offensive use of collateral estoppel in a disciplinary matter based on a civil verdict is improper

1. Duffield argued that ODC was collaterally estopped from litigating the issue of whether he misrepresented to ODC that he informed his client, Herschel Walters, that Walters' direct appeal had been decided. In support of application of the doctrine, Duffield relied upon a trial court's ruling in an opinion disposing of Walters' petition under the Post Conviction Relief Act (hereinafter "PCRA"), 42 Pa.C.S. § 9541 *et seq.* The PCRA court had ruled that Duffield was not ineffective for failing to file a petition for allowance of appeal on Walters' behalf. In *Duffield*, we held that the requirements of collateral estoppel had not been met because the issues in the PCRA matter and the disciplinary action were not identical. Significantly, we further held that the party against whom the doctrine was asserted, ODC, did not have a full and fair opportunity to litigate the issue in the PCRA proceeding.

In *Iulo*, the respondent argued that ODC was collaterally estopped from pursuing reciprocal discipline based on his New Jersey disbarment when the Pennsylvania Board of Law Examiners (hereinafter "PBLE") subsequently found that he had satisfied the character requirements of Pa.B.A.R. 203(b)(2). We held that the requirements of collateral estoppel had not been met because there was no identity of issue between the decision of the PBLE to grant permission to sit for the bar examination and an action of ODC to request imposition of reciprocal discipline.

for several reasons. First, he argues that the interests involved in civil litigation are markedly different from those arising in a case alleging professional misconduct. He asserts that while civil litigation results solely in a monetary judgment, a disciplinary proceeding has the potential to remove one's livelihood. Respondent contends that the significant differences in the consequences of the two proceedings and the disparity of safeguards inherent in each action suggest that collateral estoppel should not apply. In support of this contention, he notes that our disciplinary rules currently only apply collateral estoppel principles to cases involving criminal convictions, *see* Pa.R.D.E. 214(e) (providing that a certificate of conviction of an attorney for a serious crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the attorney based upon the conviction) and reciprocal discipline matters, *see* Pa.R.D.E. 216(d) (providing that a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this Commonwealth).

ODC counters that although collateral estoppel based on a civil verdict has not previously been applied against a respondent in a Pennsylvania disciplinary case, there is no prohibition against doing so when, as here, ODC satisfied its burden of demonstrating that the requirements of collateral estoppel have been met.

We agree with ODC that there is no prohibition against applying collateral estoppel offensively in a disciplinary matter when fairness dictates such application. The fact that our Rules of Disciplinary Enforcement do not speak to such issue is not indicative of a lack of authority to invoke the doctrine. Rather, the circumstance has simply not yet arisen in this Commonwealth prior to the instant disciplinary case. We further find that the differences in the consequences of the civil and disciplinary proceedings are not significant enough to preclude collateral estoppel effect of a civil judgment *per se.*

Due to the fact that offensive application of the doctrine can result in unfairness to a defendant under certain circum-

stances,[2] the United States Supreme Court crafted the following four factors to examine to ensure fairness in application: (1) whether the plaintiff could have joined the earlier action; (2) whether the subsequent litigation was foreseeable and therefore the defendant had an incentive to defend the first action vigorously; (3) whether the judgment relied upon as a basis for collateral estoppel is inconsistent with one or more previous judgments in favor of the defendant, and (4) whether the second action would afford the defendant procedural opportunities unavailable in the first action that could produce a different result. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. at 329–331, 99 S.Ct. 645.

We find that these factors are satisfied. ODC could not have joined the civil fraud action commenced against Respondent. Further, Respondent had fair notice that his fraudulent conduct was prohibited by the Rules of Professional Conduct and therefore the subsequent disciplinary action was foreseeable. Considering that the plaintiffs in the civil action were seeking millions of dollars in damages, Respondent had every incentive to present a vigorous defense. The civil judgment was also not inconsistent with any previous judgments in favor of Respondent. To the contrary, application of the doctrine of collateral estoppel ensures consistency of judgments by prohibiting Respondent from denying facts that were found by an impartial tribunal. Finally, Respondent was afforded all the safeguards inherent in a civil action and would be entitled to no greater protections in a disciplinary proceeding. Significantly, and as discussed in more detail *infra*, 585 Pa. at 488–91, 889 A.2d at 53–54, the burden of

2. The Court noted that the offensive use of collateral estoppel could result in unfairness if a defendant in the first action is sued for small or nominal damages because he may have little incentive to defend vigorously, particularly if future suits are not foreseeable. *Parklane Hosiery Co.*, 439 U.S. at 330, 99 S.Ct. 645. It further noted that offensive use of collateral estoppel may be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant or where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result. *Id.* at 330–331 99 S.Ct. 645.

proof utilized in the civil proceeding to determine that Respondent engaged in fraud satisfied the burden of proof employed in a disciplinary proceeding. Accordingly, we hold that the factors for use of collateral estoppel have been met and that no unfairness arises from the offensive application of collateral estoppel in a disciplinary action based upon a civil verdict of fraud.

We are also persuaded by those jurisdictions who have similarly ruled. *See In the Matter of Capoccia,* 272 A.D.2d 838, 709 N.Y.S.2d 640 (2000) (confirming that offensive collateral estoppel is applicable to attorney disciplinary proceedings); *In re Gwen G. Caranchini,* 956 S.W.2d 910 (Mo.1997) (holding that the doctrine of offensive non-mutual collateral estoppel applies in an attorney discipline matter); and *Bar Counsel v. Board of Bar Overseers,* 420 Mass. 6, 647 N.E.2d 1182 (1995) (holding that offensive use of collateral estoppel is appropriate in bar disciplinary proceedings). *But see In re Carroll L. Owens et al.,* 125 Ill.2d 390, 126 Ill.Dec. 563, 532 N.E.2d 248 (1988) (prohibiting the offensive application of collateral estoppel in a disciplinary hearing); and *In re Strong,* 616 P.2d 583 (Utah 1980) (same).[3]

We are not persuaded by Respondent's contention that application of offensive collateral estoppel abrogates our *de novo* standard of review by substituting the factual determinations of the jury in the civil proceeding for the fact-finding function of this Court and its lower tribunals. This claim ignores Respondent's previous acknowledgement that this

**3.** Alternatively, Respondent argues that if we determine that collateral estoppel may be applied offensively in a disciplinary proceeding, we should make such ruling prospective so as not to deprive him of a meaningful opportunity to defend the charges against him. *See In re Bruzga,* 142 N.H. 743, 712 A.2d 1078 (1998) (holding that offensive collateral estoppel applies to attorney discipline proceedings, but applying the holding prospectively because it expanded the disciplinary rules which permitted only foreign disciplinary matters and certain criminal convictions to have a collateral estoppel effect upon professional conduct proceedings). We are not persuaded that prospective application of our holding is necessary. As noted, the Rules of Professional Conduct placed Respondent on notice as to the prohibition of fraudulent conduct, and Respondent had a full and fair opportunity to vigorously litigate the issue in the civil proceeding.

Court routinely applies collateral estoppel principles to criminal convictions and reciprocal discipline matters and that such action in no way conflicts with our standard of review. We emphasize that when the elements of collateral estoppel are satisfied, our Court makes an independent determination as to whether the findings in the previous action constitute professional misconduct and an independent determination as to what sanction is appropriate for such misconduct. The attorney charged with professional misconduct always has the opportunity to present mitigation evidence and argue for a lesser sanction.

Having rejected Respondent's contentions that collateral estoppel based on a civil judgment cannot be offensively applied in a disciplinary matter, we next examine whether ODC satisfied the elements of the doctrine in this case.[4] Respondent argues that the first requirement of collateral estoppel is not satisfied because there is no identity of issue due to the disparity in the burdens of proof applicable to each action. He appears to concede that satisfaction of the burden of proof in the liability phase of his civil fraud action would also satisfy the burden of proof applicable to a disciplinary matter.[5] He argues, however, that because his civil trial was bifurcated and a lesser standard of proof, i.e., a preponderance

**4.** Initially, Respondent asserts that because Hearing Committee 4.01 ruled that collateral estoppel did *not* apply to his case, due process requires adherence to such ruling because his defense strategy was crafted in accordance therewith. ODC cogently notes that Respondent was not prejudiced by Hearing Committee 4.01's ruling. Indeed, Respondent was afforded the opportunity to present evidence that would have otherwise been found to be irrelevant.

**5.** The party alleging fraud in Pennsylvania has the burden of proving the same by clear and convincing evidence. *Moser v. DeSetta*, 527 Pa. 157, 589 A.2d 679, 682 (1991). We note that the federal court in the civil fraud action applied this standard. Transcript of Jury Charge, Notes of Testimony dated December 5, 1994, at 128–129. ODC has the burden of proving, by a preponderance of the evidence, that an attorney's actions constitute professional misconduct. *Office of Disciplinary Counsel v. Surrick*, 561 Pa. 167, 749 A.2d 441, 444 (2000). This burden of proof must be established by clear and satisfactory evidence. *Id.* Therefore, satisfaction of the burden applicable to a civil fraud proceeding would likewise satisfy the burden of proof applicable to a matter alleging professional misconduct.

of the evidence standard, was applied to the damages phase of the civil trial, collateral estoppel cannot preclude him from litigating the issue of whether he engaged in fraud.

We conclude that the issues in the two proceedings were, in fact, identical for collateral estoppel purposes. The basis for the imposition of discipline is Respondent's violation of his fiduciary duty to his sisters and his custodial duty to his nephews, which constituted fraud. The jury in the civil fraud action found that Respondent committed such acts and utilized a burden of proof that satisfies the burden of proof employed in a disciplinary action. The fact that the federal court employed a lesser burden of proof that did not require clear and satisfactory evidence in the damages phase of the fraud action is not controlling as we are not relying on the civil jury's determination of the *precise* amount of funds misappropriated. We therefore conclude that the first requirement of collateral estoppel has been satisfied.

Respondent next argues that the third and fourth requirements of collateral estoppel were not met, *i.e.,* that the party against whom the plea is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue in the prior proceeding. He interprets our decision in *Duffield* as precluding the application of collateral estoppel in a disciplinary action in which ODC was not a litigant in the previous proceeding. Such a reading of *Duffield* is clearly erroneous. Although *Duffield* held that collateral estoppel did not apply because ODC was not a party to the criminal matter in which the issue was litigated, such holding was based on the fact that collateral estoppel was being asserted against ODC. Here, the doctrine of collateral estoppel is asserted against Respondent, who was a party to the previous civil fraud action and had a full and fair opportunity to litigate the issue.[6] Accordingly, we hold

6. Respondent does not challenge the Board's findings that there was a final adjudication on the merits and that the determination in the prior civil proceeding was essential to the judgment. Our independent evaluation of the record supports these findings.

that the Board properly applied the doctrine of collateral estoppel.

Respondent next contends that the admission of the civil proceedings and elimination of ODC's obligation to move forward deprives him of his constitutional right to confront witnesses. He does not support this contention with any argument other than those set forth in his challenge to the offensive application of collateral estoppel. As we have concluded that the lower tribunals did not err in applying the doctrine, the lower tribunals likewise did not err by admitting into evidence the record of the civil fraud proceeding.

Respondent's final claim is that the petition for discipline filed by ODC was not specific enough to permit a valid prosecution. He argues that the petition for discipline alleged only that he had been found liable in the federal civil matter and otherwise recited the procedural posture of that case. Respondent contends that because ODC failed to identify any specific asset that was misappropriated, he was placed in the position of having to guess what the charges were against him. He relies on Pennsylvania Rule of Disciplinary Enforcement 208(b)(1), which states that "[p]roceedings shall be instituted by filing with the Board a petition setting forth with specificity the charges of misconduct." Pa.R.D.E. 208(b)(1).

Respondent's contention is not supported by the record. In the petition for discipline, ODC charged that Respondent's parents had transferred virtually all of their assets, amounting to over $2.4 million, to Respondent and his two sisters, and that Respondent misappropriated these assets for his own use. The petition further alleged that Respondent transferred certain of the family's assets into three accounts created for Respondent's three nephews and used such funds for his own purposes. The petition referenced the 1994 civil jury verdict, which found that Respondent had a fiduciary duty to his sisters and a custodial duty to his nephews and that Respondent violated such duties and acted fraudulently with respect to the disputed assets. Finally, the petition for discipline alleged that by such misconduct, Respondent violated, *inter*

*alia,* R.P.C. 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation).

We agree with ODC that it has always been clear to Respondent that this disciplinary matter was predicated upon the same facts as the federal civil fraud action. Accordingly, we hold that the allegations set forth in the petition for discipline were sufficiently specific to put Respondent on notice as to the alleged misconduct and the disciplinary rules violated.

Having rejected the claims raised by Respondent, we next determine whether the facts found in the civil fraud proceeding constitute professional misconduct. We hold that Respondent's actions in defrauding his sisters and nephews of family assets clearly violate R.P.C. 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. We further hold that such misconduct warrants disbarment from the practice of law in this Commonwealth.

In support of its recommendation of disbarment, the Board noted that this Court has imposed such sanction for the misappropriation of entrusted funds. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). It further found that the fact that Respondent's acts of misconduct were against his family members did not shield him from serious discipline. *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981). The Board relied on *Office of Disciplinary Counsel v. Lagattuta,* 573 Pa. 69, 821 A.2d 1202 (2003) (decided without published opinion), where we disbarred the respondent after he misappropriated substantial funds from his parents' estate.

As aggravating factors, the Board found that Respondent has made no voluntary payment on the civil judgment despite the fact that it has been final for several years. It further noted that Respondent failed to obtain gainful employment since at least February 1995, because, if he did so, his earnings would be used to satisfy the judgment against him. In addition, the Board found that Respondent's two character

witnesses did not provide persuasive mitigation evidence and therefore the only mitigating factor is Respondent's lack of disciplinary history.

 Under these circumstances, we agree with the Board that disbarment is warranted. In choosing an appropriate sanction, we have recognized that "there is no doubt that dishonesty on the part of an attorney establishes his unfitness to continue practicing law." *Grigsby*, 425 A.2d at 733. Truth is the cornerstone of the judicial system; a license to practice law requires allegiance and fidelity to truth. *Id.* Respondent's behavior in defrauding his own family members and attempting to avoid payment after the civil judgment was entered demonstrates the antithesis of these requirements and warrants imposition of the most severe sanction.

Accordingly, Respondent is hereby disbarred from the practice of law in this Commonwealth. He is directed to comply with the provisions of Pa.R.D.E. 217 (setting forth the requirements to be satisfied by formerly admitted attorneys) and must pay the costs of these proceedings pursuant to Pa.R.D.E. 208(g).

Justices CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER join the opinion.