2017 PA Super 340

| CAROLYN RICKARD, ADMINISTRATRIX OF THE ESTATE OF WILLIAM RICKARD, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | |
| Appellee | No. 774 WDA 2015 |

Appeal from the Order Entered April 28, 2015
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 6805-2014

BEFORE:  BENDER, P.J.E., BOWES, PANELLA, SHOGAN, LAZARUS, OLSON, DUBOW, MOULTON, and SOLANO, JJ.

DISSENTING OPINION BY BENDER, P.J.E.:          FILED OCTOBER 25, 2017

I respectfully disagree with the Majority's decision to reverse the order denying Appellant's Distribution Petition and its conclusion that collateral estoppel does not apply to the instant matter.

As the Majority indicates, because the Deceased's accident was work-related, the Welfare Fund paid $279,498.03 in related medical bills and disability payments.  Appellant and the Deceased had commenced bankruptcy proceedings prior to the accident; thus, the bankruptcy court appointed counsel to prosecute the litigation regarding the accident and retained the right to approve or disapprove any settlement reached during the course of the Rickards' bankruptcy.   In January of 2014, counsel secured settlement for the full amount of the ANPAC underinsurance

- 1 -

coverage, $250,000.00, and filed a motion with the bankruptcy court to approve the settlement.[1]

The Welfare Fund intervened and objected to any distribution of funds to the Rickards. According to the Welfare Fund's plan ("the Plan"), its subrogated interest in any settlement was superior to the interests of the Rickards or their counsel. The bases for its argument rested on excerpts of the terms governing the Plan:

> Any sums recovered by the Covered Individual ... or their representative either by judgment, settlement, or any other means, and regardless of whether such sums are designated as reimbursement for medical expenses incurred or anticipated, past or future wage loss, pain and suffering, or any other form of damages, shall be applied first to reimburse the [Welfare Fund] in full and therefore shall be deducted first from any recovery by or on behalf of the Covered Individual.

Appellant's Brief, 3/21/17, App. 2 (In re: William J. Rickard and Carolyn M. Rickard, Bankr. No. 10-24821-JAD (Bankr. W.D.Pa. 10/20/14), Memorandum Opinion ("Bankruptcy Memorandum Opinion"), 10/20/14, at 4 (quoting from an audio recording of a hearing held in the matter) (emphasis added in memorandum)). Further, the terms of the Plan indicate that the Welfare Fund "will not be responsible for the Covered Individual's attorney's fees or other costs unless the Welfare Fund has agreed in writing to pay such fees or costs." Id. at 7 (citation to record omitted).

---

[1] The Rickards agreed to pay appointed counsel a contingency fee of up to 40% of any settlement secured on Mr. Rickard's behalf. Thus, the proposed distribution included payment of $100,000.00 to counsel; $1,000.00 to bankruptcy counsel; and the remaining balance of $149,000.00 to Mr. Rickard.

After litigation of the matter, the bankruptcy court concluded that the Welfare Fund's interest was superior to the interest of the Rickards and their counsel. See id. at 5, 9. Accordingly, the court denied the Rickards' motion to approve settlement. No appeal was taken from the bankruptcy court's decision.

Shortly after the passing of her husband and dismissal of their bankruptcy case, Appellant commenced a wrongful death claim for underinsured benefits, pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301,[2] on behalf of herself and the Rickards' minor daughter, Sarah Rickard. See Appellant's Brief in Support of Wrongful Death Claim, 3/2/15, Exhibit "E". Appellant's counsel again secured a settlement agreement with ANPAC, which re-issued a check for $250,000.00, payable to Appellant, as administratrix of the Deceased's estate. See Orphans' Court Opinion ("OCO"), 4/28/15, at 2 (unpaginated). Appellant petitioned the orphans' court for distribution of these settlement funds[3] and, again, the

---

[2] Pursuant to the Pennsylvania Wrongful Death Act:

> An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

42 Pa.C.S. § 8301(a).

[3] The Distribution Petition, filed on November 18, 2014, sought "distribution of the funds under the Wrongful Death Act, with approximately $75,000 going to counsel, approximately $100,000 to [Appellant] (as the Widow), and approximately $72,000 to the [Deceased's] minor child." Id.

Welfare Fund intervened. According to the Welfare Fund, by virtue of the bankruptcy court's prior decision, Appellant was collaterally estopped from seeking distribution of the funds. Moreover, the Welfare Fund re-asserted its first priority lien on the funds.

Following a hearing on the Distribution Petition, the orphans' court determined that the bankruptcy court's decision controlled and, thus, Appellant was estopped from seeking distribution of the settlement funds. See id. I agree with the orphans' court that the doctrine of collateral estoppel applies here and precludes our further consideration of Appellant's arguments.

As held by the Pennsylvania Supreme Court:

> The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. Collateral estoppel relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decision, encourages reliance on adjudication.

Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005) (internal citations omitted).

I respectfully disagree with the Majority's conclusion that the requirements for collateral estoppel have not been met. First, the Majority asserts that the issue before us is whether the Welfare Fund's subrogation claim attaches to a wrongful death beneficiary's recovery under the

Pennsylvania Wrongful Death Act, and that this issue was not before the bankruptcy court. Accordingly, the Majority concludes that the first two prongs of the test for collateral estoppel have not been met. To the contrary, the dispositive issue before this Court, as it was before the bankruptcy court, is whether the Welfare Fund's subrogated interest in any settlement, as defined by the Plan's governing terms, is superior to the interests of the Rickards or their counsel. Following a full and fair opportunity to litigate this issue, the bankruptcy court ruled in favor of the Welfare Fund. Its ruling is final. Accordingly, Appellant is estopped from re-litigating this issue.

The Majority further states that the third prong has not been met because Appellant's claim involves different parties than were involved in the bankruptcy proceedings. This is simply inaccurate. The relevant party involved in the prior proceedings was the Deceased, the named insured and designated recipient of the ANPAC settlement funds, as well as the beneficiary of the Welfare Fund's medical benefits. Here, the only relevant party of record is Mrs. Rickard, solely in her capacity as administratrix of her deceased husband's estate.[4] Thus, the parties involved are the same or sufficiently in privity as to satisfy the requirements of the doctrine. See Ammon v. McCloskey, 655 A.2d 549, 554 (Pa. Super. 1995) (noting "[i]n its broadest sense, 'privity' is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right") (citation omitted).

---

[4] Neither Mrs. Rickard, on her own behalf, nor Ms. Sarah Rickard are parties to this appeal.

Finally, the last element of collateral estoppel has clearly been met, since the determination of the issue regarding the Welfare Fund's lien priority was essential to the bankruptcy court's ruling.

For these reasons, I would affirm the April 18, 2015 order denying Appellant's Distribution Petition.

Judge Panella and Judge Lazarus join this dissenting opinion.