IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert P. Sheils, Jr., as Trustee for :
Smith & Morris Holdings, LLC, Michael :
C. Morris and Stephen G. Smith, :
                              Appellants :
                                       :
           v.                          : No. 375 C.D. 2022
                                       : Submitted: December 12, 2022
Linda F. Bartles, Executrix of the Estate :
of Scott J. Smith, F.J. Monaghan, James :
L. Brennan, Jr., Juanita Pisano, Bill :
Canfield, Robert Jennings, Tiffany S. :
Kominski, Carolyn J. Lorent, and Harry :
Devrieze, individually in their personal :
capacities and as Council people for the :
Borough of Honesdale, and the Borough of :
Honesdale, Wayne County, Pennsylvania :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE WALLACE                          FILED: May 5, 2023


        Robert P. Sheils, Jr., as Trustee for Smith & Morris Holdings, LLC (S&M
Holdings), Michael C. Morris (Morris), and Stephen G. Smith (Smith) (collectively,
Appellants), appeal from the March 22, 2022 interlocutory order[1] of the Court of
Common Pleas of Wayne County, Pennsylvania (trial court) denying Appellants'
motion in limine, which sought to prevent the Borough of Honesdale, Wayne

---

[1] This Court granted Appellants' Petition for Permission to Appeal on June 29, 2022.

County, Pennsylvania (Borough) and its council members during the time in question (Linda F. Bartles, Executrix of the Estate of Scott J. Smith, F.J. Monaghan, James L. Brennan, Jr., Juanita Pisano, Bill Canfield, Robert Jennings, Tiffany S. Kominski, Carolyn J. Lorent, and Harry Devrieze (collectively, Borough Council Members)) from introducing evidence that would contradict jury findings from a separate civil action.[2] Upon review, we reverse the trial court's decision denying Appellants' motion in limine.

## I. Background

The parties' disputes arose from Appellants' renovation of the Old Sullums Building at 560 Main Street in Borough (the project). *See* Reproduced Record (R.R.) at 13a. In 2013, Appellants secured financing for the project, which included an approximately $250,000.00 grant through the Department of Community and Economic Development. *See id.* at 13a-15a. Appellants executed various loan documents, including a Construction Loan Agreement and personal guarantees, with Borough for the administration of this grant. *Id.* at 15a-16a. When Appellants discovered progress payments from the grant could take more than thirty (30) days to be processed, they obtained a bridge loan through Dime Bank. *Id.* at 17a. Appellants intended to use the bridge loan funds to make timely payments to their contractors, then repay the bridge loan when they received grant payments. *Id.*

For reasons the parties are disputing in this matter, the project failed. Appellants allege Borough interfered with and delayed the bridge loan disbursements and failed to make timely distributions of the grant funds, causing Appellants' contractors to walk off the job. Borough contends the project failed because it was undercapitalized and wasteful.

---

[2] Council member Scott J. Smith died while this case was pending, and a successor was substituted as a party pursuant to Pa.R.Civ.P. 2352.

In 2015, Appellants, who were seeking monetary damages for the project's failure, filed a complaint in the trial court. *See* R.R. at 10a-42a. In their complaint, Appellants brought causes of action against Borough for breach of contract, lender liability for breach of contract, lender liability for breach of fiduciary duty, lender liability for breach of duty of good faith and fair dealing, wrongful use of civil proceedings, and abuse of process. *Id.* In their complaint, Appellants also brought separate causes of action against Borough Council Members for tortious interference with prospective contractual relations, abuse of process, and willful bad acts of individual council members. *Id.* The trial court stayed the proceedings on Appellants' complaint on October 30, 2015, because S&M Holdings was in bankruptcy. R.R. at 2a.

S&M Holdings did not repay the grant funds to Borough. In 2016, Borough obtained separate confessed judgments against Morris and Smith based on their personal guarantee and suretyship agreements. R.R. at 60a. Shortly thereafter, Morris and Smith filed petitions to open the confessed judgments, which the trial court granted. *Id.* at 61a. In May of 2018, the confession of judgment cases proceeded to trial, where a jury determined Morris and Smith proved by a preponderance of the evidence that: (a) Borough "was contractually obligated, pursuant to the written Construction Loan Agreement, to make disbursements to [S&M Holdings] within a reasonable time," (b) Borough "materially breached its duty to disburse the progress payments within a reasonable time," and (c) Borough "caused the [project] to fail" through its "failure to disburse the progress payments within a reasonable time" (the 2018 Jury Determinations). *Id*. at 50a-51a.

Following the jury's verdict in those matters, the trial court struck the confessed judgments against Morris and Smith and dismissed Borough's complaints

3

for confession of judgment with prejudice. R.R. at 62a. The parties appealed to this Court, and we affirmed the trial court's decision. *See Borough of Honesdale v. Morris* (Pa. Cmwlth., Nos. 795 C.D. 2018, 896 C.D. 2018, filed Oct. 11, 2019), 2019 WL 5095644. The parties did not further appeal this Court's decision.

On June 23, 2020, the trial court lifted its stay regarding Appellants' complaint against Borough and Borough Council Members. R.R. at 3a. On December 8, 2021, Appellants filed a motion in limine, seeking to have the 2018 Jury Determinations established as facts in this case. *See id*. at 138a-45a. Upon reviewing Borough's answer thereto, the trial court denied Appellants' motion in limine by February 2, 2022 order.[3] *Id.* at 151a. By order dated March 22, 2022, the trial court issued an amended order to facilitate Appellants' interlocutory appeal.[4] Thereafter, Appellants filed a Petition for Permission to Appeal in this Court, which we granted by order filed on June 29, 2022. The specific issue for which we permitted an appeal is as follows:

> Where a jury in a confession of judgment case entered a verdict finding that one party to a written contract breached that contract and caused a construction project to fail, is that party collaterally estopped from relitigating whether it breached the written contract and caused the construction project to fail in a subsequent civil action against that party?

---

[3] The trial court neither provided any explanation or reasoning for its decision nor did the trial court file a Pa.R.A.P. 1925(a) opinion.

[4] A party can pursue an interlocutory appeal of a court order by permission when the court order expressly states that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter . . . ." 42 Pa.C.S. § 702(b). If a trial court issues an interlocutory order which does not include this specific statement, Pennsylvania Rule of Appellate Procedure 1311(b) establishes a procedure for a party to request an amendment of the order to include this specific statement. Appellants utilized the procedure in Pa.R.A.P. 1311(b) to request an amended order in this matter, and the trial court amended its order to include the statement required by 42 Pa.C.S. § 702(b).

*Sheils v. Bartles* (Pa. Cmwlth., No. 375 C.D. 2022, filed June 29, 2022).

For the reasons set forth below, we conclude a party should be collaterally estopped under these circumstances.

## II.    Discussion

"A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." *Meridian Oil and Gas Enterprises, Inc. v Penn Cent. Corp.*, 614 A.2d 246, 250 (Pa. Super. 1992).[5]  In reviewing this particular motion, we are not looking at whether the trial court abused its discretion in determining whether or not to admit evidence. Rather, the issue in this matter is a legal one: the application of the doctrine of collateral estoppel.  Accordingly, our standard of review is *de novo* and our scope of review is plenary.  *Tech One Assocs. v. Bd. of Prop. Assessment, Appeals and Rev. of Allegheny Cnty.*, 53 A.3d 685, 696 (Pa. 2012).

Collateral estoppel "forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *City of Pittsburgh v. Zoning Bd. of Adjustment of City of Pittsburgh*, 559 A.2d 896, 901 (Pa. 1989) (citation omitted).  As a result, collateral estoppel, also referred to as issue preclusion, "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 51 (Pa. 2005) (citation omitted).  Collateral estoppel applies when

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with

---

[5]  "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Id.* at 50-51 (citation omitted).

"[C]ollateral estoppel can be asserted either defensively as a shield to prosecution of an action or offensively as a sword to facilitate prosecution." *Id.* at 51. "Offensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Id.* Appellants are requesting to use collateral estoppel offensively, as they are seeking to prevent the defendants in this action from relitigating an issue. Since the offensive use of collateral estoppel "can result in unfairness to a defendant,"

> the United States Supreme Court crafted the following four factors to examine to ensure fairness in application: (1) whether the plaintiff could have joined the earlier action; (2) whether the subsequent litigation was foreseeable and therefore the defendant had an incentive to defend the first action vigorously; (3) whether the judgment relied upon as a basis for collateral estoppel is inconsistent with one or more previous judgments in favor of the defendant, and (4) whether the second action would afford the defendant procedural opportunities unavailable in the first action that could produce a different result.

*Id.* at 52 (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329-31 (1979)).

For Appellants to be entitled to relief on their motion in limine, the issues they seek to preclude from relitigation must meet all of the elements of collateral estoppel, as well as the additional fairness considerations for its offensive use. Borough and Borough Council Members contend on appeal that Appellants have not met the first four elements for the application of collateral estoppel. *See* Appellees' Br. at 12-13. In addition, they allege Appellants should not be permitted to use collateral estoppel

offensively, as this matter could produce a different result from the prior actions because Borough and Borough Council Members would be afforded procedural opportunities that were not available in those cases. *See id.* at 8-13.

We begin our analysis by evaluating the elements of collateral estoppel. The first element of collateral estoppel is whether the issue decided in the prior case is identical to the one presented in this action. Borough and Borough Council Members allege this element has not been met, because the only issue in the prior action was whether Morris and Smith's personal guarantees required them to repay Borough. *See* Appellees' Br. at 8-9. They further explain the current causes of action were not adjudicated in the prior cases. *Id.* at 9. Borough and Borough Council Members' assessment of the *issues* decided in the prior action and the *issues* presented in this action is misguided. The issues decided in the prior action are not limited to simply whether Borough was entitled to confessed judgments. Instead, the issues decided included all of the facts the jury determined (the 2018 Jury Determinations). Since the 2018 Jury Determinations are identical to facts which must be decided in this matter, the first element of collateral estoppel is satisfied.

The second element of collateral estoppel is whether there was a final adjudication on the merits. Borough and Borough Council Members allege this element has not been met because "the prior adjudication was to determine whether Smith and Morris could assert a defense to the confession of judgment action." Appellees' Br. at 12. This argument lacks merit, as the trial court dismissed Borough's confession of judgment actions with prejudice following a jury trial, Borough appealed to this Court, which affirmed, and Borough did not perfect a further appeal. Accordingly, there were final adjudications on the merits in the prior actions.

7

The third element of collateral estoppel is whether the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior case. Borough and Borough Council Members allege this element has not been met, because the individual Borough Council Members were not parties, or in privity with a party, to the prior action. This argument fails, however, because the 2018 Jury Determinations, which Appellants seek to establish as facts in this matter through collateral estoppel, would only establish facts necessary for Appellants' cause of action for breach of contract against the Borough, not any of the separate causes of action Appellants brought against Borough Council Members. *See* R.R. at 26a-29a, 33a-35a, 38a-40a, 142a.

Even though Borough Council Members are not defendants to Appellants' breach of contract count, this Court notes that Borough Council Members are defendants at other counts and that in Appellants' prayer for relief they ask that all defendants be estopped from introducing testimony or evidence tending to contradict the 2018 Jury Determinations. Appellants' use of collateral estoppel against the Borough will also prevent Borough Council Members from contradicting the 2018 Jury Determinations in this matter, because Borough Council Members stood in privity with the Borough. Privity for purposes of collateral estoppel is a mutual relationship to the same rights such that the interest in one party is the same as the interest for the other, presently, Borough and Borough Council Members. *See Robinson v. Fye*, 192 A.3d 1225, 1233 (Pa. Cmwlth. 2018) (providing "this Court has held that privity between the parties to past and present suits . . . can exist when the parties to such suits bear an agency relationship"); *Montella v. Berkheimer Assocs.*, 690 A.2d 802, 804 (Pa. Cmwlth. 1997) ("Generally, parties are in privity if one is vicariously responsible for the conduct of another, such as principal and agent

8

or master and servant.") (citation omitted). Here, the Borough serves as the principal and the Borough Council Members as agents for the Borough. Accordingly, both the Borough and Borough Council Members were either a party or in privity with a party to the prior case.

The fourth element of collateral estoppel is whether the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. Although they did not provide any specific reasons, Borough alleges it did not have a full and fair opportunity to litigate the cause of the project's failure in the prior action. *See* Appellees' Br. at 11-12, 13. The specific issue of whether Borough's delays caused the project to fail was determined by a jury in the prior action, following a three-day trial. Borough was represented by counsel at that trial. Accordingly, we find no merit to the contention Borough did not have a full and fair opportunity to litigate this issue.

The fifth element of collateral estoppel is whether the determination in the prior proceeding was essential to the judgment. The 2018 Jury Determinations were essential to the trial court's judgment in those proceedings,[6] as they precluded Borough from obtaining relief and caused the trial court to dismiss the Borough's complaints, with prejudice.

Since we have concluded Appellants' proposed issue preclusion satisfies the elements of collateral estoppel, we now consider whether Appellants' offensive use of collateral estoppel should, nevertheless, be prevented due to any of the fairness considerations established by the United States Supreme Court in *Parklane Hosiery Company, Inc.*, 439 U.S. at 329-31. Borough and Borough Council Members did not allege on appeal that the first three fairness considerations are implicated here.

---

[6] Borough did not argue in this appeal that the 2018 Jury Determinations were not essential to the trial court's judgment in the prior proceedings. *See* Appellees' Br. at 11-13.

9

We agree that they are not, because: (1) Appellants could not have joined their claims with the confession of judgment actions, (2) this litigation was foreseeable at the time Borough filed its confession of judgment actions, as Appellants filed this complaint before Borough filed its confession of judgment actions, and (3) the 2018 Jury Determinations are not inconsistent with any other previous judgments in favor of the defendant.

Borough and Borough Council Members did allege, however, that the fourth fairness consideration is implicated here. Specifically, Borough contends that Appellants should not be permitted to use collateral estoppel offensively in this matter because this case would afford Borough and Borough Council Members procedural opportunities which were unavailable in the first action and could produce a different result. We disagree. In the prior action, Borough was attempting to confess judgments against Morris and Smith, each for over $300,000.00. Morris and Smith's defense was that Borough breached its obligation to disburse funds in a timely manner, causing the project to fail. If there were other specific reasons for the project's failure, as Borough now alleges, that information would have been relevant to rebut Morris and Smith's defense in the prior actions. Accordingly, Borough should have had ample opportunity to contest Morris and Smith's defense in the prior actions.

The 2018 Jury Determinations establish Borough caused the project to fail through its breach of its duty to disburse payments to Appellants within a reasonable time. Prohibiting Borough and Borough Council Members from contesting the 2018 Jury Determinations in this matter will further collateral estoppel's purposes of conserving judicial resources, relieving the parties of litigation costs, preventing

10

inconsistent decisions, and encouraging reliance on adjudication. *See Kiesewetter*, 889 A.2d at 51.

### III. Conclusion

For the reasons set forth above, we conclude Appellants' request to prevent Borough and Borough Council Members from relitigating the 2018 Jury Determinations meets each of the elements of collateral estoppel. In addition, the factors used to examine the offensive use of collateral estoppel to ensure fairness in its application do not prevent its use. The trial court erred as a matter of law in concluding otherwise. Accordingly, we reverse the trial court's denial of Appellants' motion in limine.

_____
STACY WALLACE, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert P. Sheils, Jr., as Trustee for :
Smith & Morris Holdings, LLC, Michael :
C. Morris and Stephen G. Smith, :
                        Appellants :
                   :
           v. : No. 375 C.D. 2022
                   :
Linda F. Bartles, Executrix of the Estate :
of Scott J. Smith, F.J. Monaghan, James :
L. Brennan, Jr., Juanita Pisano, Bill :
Canfield, Robert Jennings, Tiffany S. :
Kominski, Carolyn J. Lorent, and Harry :
Devrieze, individually in their personal :
capacities and as Council people for the :
Borough of Honesdale, and the Borough of :
Honesdale, Wayne County, Pennsylvania :

## **O R D E R**

    **AND NOW**, this 5th day of May 2023, the March 22, 2022 order of the Court of Common Pleas of Wayne County denying Appellants' motion in limine is **REVERSED**.

                                _____
                                STACY WALLACE, Judge