IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Kuzni,                               :
                                            :
                    Petitioner              :
                                            :
            v.                              :  No. 1592 C.D. 2024
                                            :  Submitted: March 3, 2026
Pennsylvania Public                         :
Utility Commission,                         :
                                            :
                    Respondent              :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 17, 2026

        George Kuzni (Petitioner), appearing *pro se*, petitions for review from
an October 3, 2024 letter from the Pennsylvania Public Utility Commission (PUC)
rejecting his "Motion to Reconsider/Notice to Cease and Desist" (motion for
reconsideration).  Also before this Court for disposition is the PUC's application for
relief in the form of a motion to dismiss appeal (motion to dismiss), which this Court
shall treat as an application for summary relief pursuant to Pennsylvania Rule of
Appellate Procedure 1532(b), Pa.R.A.P. 1532(b).  For the reasons that follow, we
grant the motion to dismiss.

        On September 11, 2024, Petitioner filed a formal complaint with the
PUC related to service provided by the Stillwater Lakes Civic Association/Stillwater

Sewer Corporation (Stillwater Entities). Attachment A to the PUC's Motion to Dismiss. The formal complaint indicated it was filed based on this Court's ruling in the case of *Stillwater Lakes Civic Association, Inc. v. Kuzni* (Pa. Cmwlth., No. 998 C.D. 2018, filed February 5, 2020) (*Kuzni I*). On September 18, 2024, the PUC issued a letter to Petitioner indicating that it no longer regulated the Stillwater Entities.[1] On September 30, 2024, Petitioner filed his motion for reconsideration.[2] By letter dated October 3, 2024, the PUC rejected Petitioner's motion for reconsideration, reiterating that "the [PUC] no longer has jurisdiction or authority over Stillwater Sewer Corporation nor Stillwater Lakes Water Corporation. Both certificates of convenience allowing the companies to operate as regulated utilities were cancelled." Exhibit C to the PUC's Motion to Dismiss.

Petitioner filed a "notice of appeal" on October 21, 2024, which this Court treated as a *pro se* communication indicating his intent to appeal from the decision of the PUC. Thereafter, on November 26, 2024, Petitioner filed his ancillary petition for review. Both filings assert that based on this Court's holding in *Kuzni I*, the PUC continues to have jurisdiction over the Stillwater Entities.

---

[1] The letter stated in part:

> Still[w]ater's [sic] regulation by the [PUC] was challenged in 2010. The Commonwealth Court ruled that Still[w]ater was a cooperative association and did not need authority from the [PUC] to operate its facilities. Therefore, the [PUC] is barred from hearing complaints about Still[w]ater, and we are returning your complaint.

Attachment B to the PUC's Motion to Dismiss.

[2] The motion for reconsideration asked that the PUC "immediately enter an order revoking the classification of [the Stillwater Entities] as; [sic] 'Bona fide Co-operative Associations.'" Petitioner's Motion for Reconsideration, Attached to Petitioner's Notice of Appeal.

## The PUC's Motion to Dismiss

Pa.R.A.P. 1532 provides in pertinent part:

 (b) *Summary relief.*—At any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear.

* * *

Paragraph (b) authorizes immediate disposition of a petition for review, similar to the type of relief envisioned by the Pennsylvania Rules of Civil Procedure regarding judgment on the pleadings and peremptory and summary judgment. However, such relief may be requested before the pleadings are closed where the right of the applicant is clear.

Here the PUC asserts that, contrary to Petitioner's claims, this Court has determined that the Stillwater Entities are not public utilities subject to the Commission's jurisdiction. Indeed, in *Collazo v. Pennsylvania Public Utility Commission* (Pa. Cmwlth., No. 725 C.D. 2010, filed October 21, 2010) (*Collazo I*) and *Collazo v. Pennsylvania Public Utility Commission* (Pa. Cmwlth., No. 145 C.D. 2023, filed July 25, 2023) (*Collazo II*), this Court held that Stillwater Entities are not public entities as defined by the Public Utility Code (Code)[3] and are not under the jurisdiction of the PUC. The PUC argues that the instant matter raises the same legal question that was raised and rejected in *Collazo I* and *Collazo II*—whether the Stillwater Entities are subject to the PUC's jurisdiction. As such, under the doctrine of *res judicata*, there is no need to relitigate this issue and the PUC asks that we dismiss the instant action.[4]

---

[3] 66 Pa. C.S. §§101-3316.

[4] Petitioner's response focuses on the merits of his claim and reiterates his belief that the holding in *Kuzni I* reflects that the PUC has jurisdiction over the Stillwater Entities.

"*Res judicata* encompasses two related, but distinct principles: technical *res judicata* and collateral estoppel." *J.S. v. Department of Human Services*, 221 A.3d 333, 341 (Pa. Cmwlth. 2019) (quoting *C.J. v. Department of Public Welfare*, 960 A.2d 494, 499 (Pa. Cmwlth. 2008)). *Res judicata*, or claim preclusion, bars a claim where there has been a final judgment on the merits of that claim, or issue, in a prior action. *In re Coatesville Area School District*, 244 A.3d 373, 378 (Pa. 2021). It bars any claims actually litigated as well as those that should have been litigated in the prior action. *Id.* For *res judicata* to apply, there must be identity of (1) the issues, (2) the causes of action, (3) the persons and parties to the action, and (4) the quality or capacity of the parties suing or being sued. *Id.* Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings. *Id.*

In the same way, the doctrine of collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *In re Coatesville Area School District*, 244 A.3d at 378. Occasionally, "the courts add a fifth element, namely, that resolution of the issue in the prior proceeding was essential to the judgment." *Id.*

Both doctrines are "judicially-created precept[s]" based on practical considerations including avoiding the "'cost and vexation' of repetitive litigation, conserving judicial resources, 'and, by preventing inconsistent decisions, [and] encourag[ing] reliance on adjudication.'" *In re Coatesville Area School District*,

4

244 A.3d at 379, 380 (quoting *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50-51 (Pa. 2005)).

In *Collazo I,* the *pro se* petitioner filed a complaint with the PUC alleging, *inter alia*, that the Stillwater Sewer Corporation, a wholly owned subsidiary of the Stillwater Lakes Civic Association, was a *de facto* public utility under the jurisdiction of the PUC and that it was providing illegal public utility service without a certificate of public convenience from the PUC. The PUC ultimately rejected this argument. On appeal, this Court affirmed, agreeing with the PUC that the Stillwater Lakes Civic Association met all of the requirements of a *bona fide* cooperative association and was therefore exempt from the PUC's jurisdiction pursuant to Section 102 of the Code, 66 Pa. C.S. §102. The *Collazo I* Court stated:

> According to [the petitioner], Stillwater is not eligible for the *bona fide* cooperative association exemption because Section 102 specifically states that the association must furnish its services "on a nonprofit basis." However, the alleged corporate status of an organization does not automatically determine whether the organization qualifies as a *bona fide* cooperative association under the Code. *See Philadelphia Association of Wholesale Opticians v. Pennsylvania Public Utility Commission*, 30 A.2d 712, 717 (Pa. Super. 1943); [*Re Adrian Water Co.*, 53 Pa. P.U.C. 139 (1979)]. The record demonstrates that the [Stillwater Lakes Civic] Association passes along any economic benefits or detriments to its members on a substantially equal basis. If a budget surplus occurs, the excess funds must be allocated in one of three ways – to reduce fees for the coming year, to complete a capital project, or placed in a reserve fund. These facts support the determination that Stillwater [Sewer Corporation] and the [Stillwater Lakes Civic] Association operate on a nonprofit basis.

*Collazo I*, slip op. at 8-9.

In *Collazo II*, the petitioner once again argued that the PUC had jurisdiction over the Stillwater Sewer Corporation because the Stillwater Lakes Civic Association was not a *bona fide* cooperative association and the Stillwater Sewer Corporation was not run on a non-profit basis. The Court rejected this argument based on the doctrine of *res judicata*.

Presently, we believe that the PUC's reliance on the *res judicata* doctrine is misplaced. Although *Collazo I* and *Collazo II* resolved the legal question of whether the Stillwater Entities fall within the PUC's jurisdiction, *res judicata* requires identity of parties and collateral estoppel requires that the party against whom it is asserted was a party (or in privity with the party) to the prior action. Here, Petitioner was not a party in either *Collazo I* or *Collazo II* and there is no indication that Petitioner was in privity with the petitioner in *Collazo I* or *Collazo II*; thus, we cannot conclude that the doctrine of *res judicata* provides an independent bar to Petitioner's appeal.

With that said, we nevertheless conclude that summary relief is appropriate in this case. In *Collazo I* and *Collazo II*, this Court clearly held that the Stillwater Entities are not public utilities because the Stillwater Lakes Civic Association qualifies as a *bona fide* cooperative association operating on a non-profit basis under Section 102 of the Code. Those decisions firmly establish that the Commission lacks jurisdiction over the Stillwater Entities and any argument to the contrary fails as a matter of law.

To the extent Petitioner believes our holding in *Kuzni I* dictates a different result, he is mistaken. *Kuzni I* involved Petitioner's appeal from two orders of the Court of Common Pleas of Monroe County involving an action by the Stillwater Entities to collect unpaid dues, assessments and sewer fees from

6

Petitioner. *Kuzni I* did not involve or in any way implicate whether the PUC had jurisdiction over the Stillwater Entities; rather, the case involved whether Petitioner was obligated to pay dues and fees for the services the Stillwater Entities provided him. Because *Kuzni I* did not disturb the jurisdictional holdings in *Collazo I* or *Collazo II*, we conclude that the PUC's right to relief is clear and we therefore grant its motion to dismiss.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Kuzni,                         :
                                      :
              Petitioner              :
                                      :
        v.                            : No. 1592 C.D. 2024
                                      :
Pennsylvania Public                   :
Utility Commission,                   :
                                      :
              Respondent              :

# **O R D E R**

AND NOW, this 17th day of April, 2026, the Pennsylvania Public Utility Commission's motion to dismiss is GRANTED. This matter is DISMISSED with prejudice.

_____
MICHAEL H. WOJCIK, Judge